FILED
01-29-2026
Anna Maria Hodges
Clerk of Circuit Court
2026CV000756
Honorable J. D. Watts-15
Branch 15

DANE COUNTY LEGAL NOTICE
SERVED BY: KN. Sanchez
ON 2/19/26 AT 11:20 AM

| STATE OF WISCONSIN | CIRCUIT COURT<br>CIVIL DIVISION | MILWAUKEE COUNTY |
|---|---|---|

BARBARA ELLIS,
3661 S. Kansas Ave.
Milwaukee, WI 53207,

    Plaintiff,

v.

HALSTED FINANCIAL SERVICES, LLC
8001 N. Lincoln Ave., Suite 500
Skokie, IL 60077

    Defendant.

**SUMMONS**

Case No.: _____

Classification Code: 30301

**Jury Trial Demanded**

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiff's attorney, whose address is Ademi & Fruchter LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

If you do not provide an answer within forty-five (45), the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated:  January 29, 2026                              ADEMI LLP

                                                  By: *Electronically signed by Daut Ademi*
                                                      Daut Ademi
                                                      *Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

FILED
01-29-2026
Anna Maria Hodges
Clerk of Circuit Court
2026CV000756
Honorable J. D. Watts-15
Branch 15

**STATE OF WISCONSIN**　　**CIRCUIT COURT**　　**MILWAUKEE COUNTY**
　　　　　　　　　　　　　　CIVIL DIVISION

---

BARBARA ELLIS, Individually and on Behalf of All Others Similarly Situated,

　　　　Plaintiff,

　　v.

HALSTED FINANCIAL SERVICES,

　　　　Defendant.

CLASS ACTION COMPLAINT

Case No.: _____
Classification Code: 30301

---

COMES NOW Plaintiff Barbara Ellis, by her Attorneys, Ademi LLP, and for a cause of action, states as follows:

### INTRODUCTION

1.　This class action seeks injunctive relief for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

### JURISDICTION AND VENUE

2.　The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant attempted to collect a debt in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. § 801.50.

### PARTIES

3.　Plaintiff Barbara Ellis is an individual who resides in Milwaukee County.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that Plaintiff's debt arose from an agreement, or series of agreements, to defer payment.

6. Defendant Halsted Financial Services, LLC ("HFS") is a foreign limited liability company with its primary offices located at 8001 N. Lincoln Ave., Suite 500, Skokie, IL 60077.

7. HFS does substantial business in Wisconsin and has designated its registered agent in Wisconsin for the service of process as Corporation Service Company, 33 East Main Street, Suite 610, Madison, WI 53703.

8. HFS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. HFS is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

10. HFS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

11. On or about August 25, 2025, Plaintiff received a debt collection e-mail from HFS regarding an alleged debt. A copy of this e-mail is attached to this complaint as <u>Exhibit A</u>.

4

12. Upon information and belief, the alleged debt referenced in Exhibit A was a short-term loan which was obtained from "Integra Credit" and used only for personal, family, or household purposes.

13. Integra Credit is a brand name used by Deinde Group, LLC, Deinde Financial, LLC, Deinde Online Services, LLC. Integra Credit One, LLC, Integra Credit Two, LLC, Integra Credit Three, LLC, Integra Credit Four, LLC and Integra Credit Five, LLC ("Integra Credit"). https://www.integracredit.com/about_us. Integra Credit is a short-term lender based in Chicago, Illinois, operating primarily online. It originates and services short-term loans at high interest rates, generally to individuals with "bad credit."

14. Upon information and belief, Exhibit A is a form e-mail, generated by computer, with the information specific to Plaintiff inserted by computer, used by Defendant to attempt to collect alleged debts.

15. Exhibit A includes the following representation:

> Halsted Financial Services is now managing your Integra Credit account.
>
> Check out your flexible payment options here: info.halstedfinancial.com. We're here to assist you, but time is running out to secure an arrangement.

16. Exhibit A thus represents that HFS is "managing your [Plaintiff's] Integra Credit account."

17. Exhibit A also includes the following representation:

> Original Creditor: Integra Credit
> Our Reference Number: ▓▓▓▓▓▓
> Original Creditor Account Number: XXXX0728
> Current Creditor To Whom Debt Is Owed: Plaza Services, LLC

18. <u>Exhibit A</u> is confusing and misleading. It represents that two different parties (Integra Credit and Plaza Services, LLC) have an interest in the account HFS is collecting.

19. By representing that HFS is managing the consumer's "Integra Credit" account even though "Plaza Services, LLC" is listed as the "Current Creditor" on <u>Exhibit A</u>, the consumer would be confused as to whom to tender payment. The unsophisticated consumer would interpret the reference to the consumer's "Integra Credit account" to mean that the owner of the debt is "Integra Credit."

20. Confusing and misleading representations about the name of the creditor are material misrepresentations because: (i) they create the potential for fraud or double-payments, and (ii) they make it difficult or impossible for consumers to track the chain of title to determine the scope of any purported assignment, including whether the original creditor assigned any right to collect statutory or contractual interest. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 324-25 (7th Cir. 2016).

21. Indeed, the consumer may tender payment to Integra Credit – the entity with which she interacted regarding this account – even though such payment would not have any impact on her alleged debt if the debt has been sold to Plaza.

22. The name of the original creditor is a material aspect of a debt. *See, e.g., Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1121 (9th Cir. 2014) ("in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way."); *Winslow v. Forster & Garbus, LLP*, 2017 U.S. Dist. LEXIS 205113, at *28 (E.D.N.Y. Dec. 13, 2017); *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742, at *13 (S.D. Calif. July 13, 2013) ("because Defendant's failure to identify Chase, the

original creditor, is both deceptive and material under the least sophisticated consumer standard, it constitutes a violation of § 1692e."); *Scheunemann v. J.C. Christensen & Assocs.*, 802 F. Supp. 2d 981, 986 (E.D. Wis. July 18, 2011).

23. Further, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by*, 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11.

24. Plaintiff was confused and misled by Exhibit A.

25. The unsophisticated consumer would be confused and misled by Exhibit A.

## *The FDCPA*

26. Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objective one—whether the plaintiffs or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991).

28. Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.,* the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993).

29. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. § 1692e(2)(a) specifically prohibits the misrepresentation of "the character, amount, or legal status" of an alleged debt."

8

31.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### *The WCA*

32.    The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

33.    Recognizing existing laws did not protect consumers in a manner consistent with the continuation of a realistic credit economy, the Wisconsin legislature enacted the Wisconsin Consumer Act to protect consumers against unfair, deceptive, and unconscionable business practices, and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2); Thomas D. Crandall, "The Wisconsin Consumer Act: Wisconsin Consumer Credit Laws Before and After," 1973 Wis. L. Rev. 334, 334-35 (1973).

34.    To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and instructs that these protections must be "liberally construed and applied" in order "to induce compliance with the WCA and thereby promote its underlying objectives." Wis. Stat. §§ 421.102(1), 425.301; *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).

35.    To further the objectives underlying the WCA, the Wisconsin legislature has empowered the Wisconsin Department of Financial Institutions and the Wisconsin Department of Justice to bring actions against any person who violates the WCA, and has further provided Wisconsin consumers with an array of protections and legal remedies, including a private cause of action to temporarily or permanently enjoin conduct that violates the WCA or the federal consumer credit protection act and recover classwide statutory, actual, and punitive damages on behalf of all

9

consumers who suffer similar injuries. Where a consumer seeks injunctive or declaratory relief, the WCA provides that "it shall not be a defense to an action brought under this section that there exists an adequate remedy at law." *See* Wis. Stats. §§ 421.102(1), 425.301, 425.401, 426.109(1), 426.110(1); 426.110(4)(e), 426.301.

36. The private cause of action is essential to deterring violations and furthering the WCA's underlying objectives:

> The provisions of the WCA for private enforcement through the use of civil legal remedies by the individual consumer are some of the most important sections of the Act. The function of private enforcement is both to secure the rights of the individual and simultaneously to assist public authorities in achieving compliance for the ultimate benefit of all consumers.

Thomas D. Crandall, "Wisconsin Consumer Credit Laws Before and After the Consumer Act," 1973 Wis. L. Rev. 334, 376-77.

37. Thus, private actions under the WCA benefit not only consumers whose rights have been violated and competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law, but also the public authorities and the public generally, who would otherwise be burdened with the costs of using public resources to achieve compliance.

38. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

39. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and

followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

40. Wis. Stat. § 421.108 provides: "Every agreement or duty within chs. 421 to 427 imposes an obligation of good faith in its performance or enforcement. 'Good faith" means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

41. Wis. Stat. § 426.110 provides, in relevant part:

(1) ... [A]ny customer affected by a violation of chs. 421 to 427 and 429 or of the rules promulgated pursuant thereto or by a violation of the federal consumer credit protection act, or by conduct of a kind described in sub. (2), may bring a civil action on behalf of himself or herself and all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub. (14), reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429. [...]

(2) Actions may be maintained under this section against any person who in making, soliciting or enforcing consumer credit transactions engages in any of the following kinds of conduct:

...

(c) False, misleading, deceptive, or unconscionable conduct in enforcing debts or security interests arising from consumer credit transactions.

## COUNT I - FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint

43. By stating that "[HFS] is managing your Integra Credit account," while also stating that Plaza Services, LLC is the current creditor, Exhibit A includes representations which are false, deceptive, and misleading as to the character, legal status, and identity of Plaintiff's alleged debt.

44. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10).

11

## COUNT II - WCA

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. By stating that "[HFS] is managing your Integra Credit account," while also stating that Plaza Services, LLC is the current creditor, Exhibit A includes representations which are false, deceptive, and misleading as to the character, legal status, and identity of Plaintiff's alleged debt.

47. Defendant violated Wis. Stat. §§ 421.108 and 426.110.

## CLASS ALLEGATIONS

48. Plaintiff brings this action on behalf of a class consisting of:

(a) all natural persons in the state of Wisconsin, (b) to whom HFS mailed a collection letter in the form of Exhibit A that states: "[HFS] is managing your Integra Credit account," while also stating that Plaza Services, LLC is the current creditor," (c) from January 29, 2025 through the present, that (d) was not returned by the postal service.

49. The class is so numerous that joinder is impracticable.

50. Upon information and belief, there are more than 50 members of the class.

51. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

52. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

53. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

54. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

55. Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## JURY DEMAND

56. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

(a) injunctive relief (pursuant to Wis. Stat. § 426.109);

(b) declaratory relief;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 29, 2026

By: *Electronically signed by Daut Ademi*
John D. Blythin (SBN 1046105)
Daut Ademi (SBN 1122701)
**ADEMI LLP**
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414.482.8000
Fax No.: 414.482.8001
E-mail: dademi@ademilaw.com

# EXHIBIT A

## Barbara Ellis, urgent: Payment Required on Overdue Integra Credit account

<admin@support.halstedfinancial.com>  
To: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓    Mon, Aug 25, 2025 at 8:00 AM

Set your course toward financial independence and renewed confidence.

Easier to resolve than you may think

 **HALSTED**    info.halstedfinancial.com

Dear Barbara,    08/25/25

Halsted Financial Services is now managing your Integra Credit account.

Check out your flexible payment options here: info.halstedfinancial.com. We're here to assist you, but time is running out to secure an arrangement.

Your last payment of $179.84 on 07/22/2024 shows you had good intentions. Let us help you get back on track: info.halstedfinancial.com

Your current offer:

# Up to $672.98 off in up to 9 payments.

This offer is not obligated to renew this offer after August 31, 2025.


**HALSTED**   info.halstedfinancial.com

Original Creditor: Integra Credit
Our Reference Number: ███
Original Creditor Account Number: XXXX0728
Current Creditor To Whom Debt Is Owed: Plaza Services, LLC

Current Discount Offer: Pay $1,009.46 in up to 9 payments, saving you $672.98
**This office is not obligated to renew this offer after August 25, 2025.**

Total Balance Due: $1,682.44

Call us at (855) 520-7028 or simply reply to this email so we can assist you.

**Hours of Operation (CST):** Monday-Sunday (7am-8pm) **Address:** P.O. Box 828 Skokie, IL 60076

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

If your account has been reported by Plaza Services, LLC to a credit reporting agency, within 30 days of account closure, it is their policy to submit a delete request of tradelines for accounts that are closed or satisfied. An account is considered satisfied if the account is paid-in-full or resolved for a lesser amount. This applies only to the tradeline reported by Plaza Services, LLC and not any other party.

To stop receiving emails please opt-out here    info.halstedfinancial.com



info.halstedfinancial.com

